STATE, *ex rel.* A. Fortenberry, *et al.,* as and Constituting, and A. Fortenberry as Chairman of, the Board of County Commissioners of Broward County, Relators, v. J. M. LEE, as State Comptroller, Respondent.

1 So. (2d) 195
En Banc
Opinion Filed March 14, 1941

*Butt & Akridge, Keen* and *Allen* and *A. Frank O'Kelley, Jr.,* for Relators;

*J. Tom Watson,* Attorney, General, and *Lawrence A. Truett,* Assistant Attorney General, for Respondent.

PER CURIAM.—To alternative writ of mandamus addressed to the Honorable J. M. Lee, Comptroller of the State of Florida, commanding him "without undue delay to draw a warrant payable to the Board of County Commissioners of Brevard County, Florida, in payment of the proportionate amount of the tax and/or fund which has been collected and has accrued to the credit of Brevard County, Florida, pursuant to Chapter 14832, Laws of Florida, Acts of 1931, as amended, and to do and perform all acts and things necessary to accomplish such purpose, or that you, upon failure to do as herein commanded and directed, be and appear before this Court on the 8th day of March, 1941, at 10 o'clock in the A. M. in Tallahassee, Florida, and then and there show cause why you failed so to do," the respondent has filed motion to quash.

The relators base their right to have the writ upon the provisions of Chapter 14832, Acts of 1931, as amended by Chapters 19106 and 19170, Acts of 1939, while the respondent contends that the alternative writ should be quashed because of the provisions of Chapter 16125, Acts of 1933, upon the theory that the County of Brevard is now within the classification contained in that purported legislative Act.

In the case of State *ex rel.* C. A. Blalock, *et al.,* as County Commissioners of Madison County, Florida, v. Lee as Comptroller, *et al.,* filed this day, we have held Chapter 16125, Acts of 1933, to be invalid upon the grounds therein stated.

We, therefore, hold that the relators are entitled to receive the fund involved under the provisions of Chapter 14832, *supra.*

It, therefore, follows that motion to quash the alternative writ is denied. The respondent is allowed ten days in which to file return and, in default of doing so within that time, peremptory writ will be awarded.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD, THOMAS and ADAMS, J. J., concur.

TERRELL, J., agrees to conclusion.